UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**CHANG HOON LEE,**<br>**also known as "Daniel Lee,"**<br><br>**Defendant.** | Crim. A. No. 26-14 (JDB) |

### MEMORANDUM OPINION & ORDER

Chang Hoon Lee is charged with conspiracy to distribute and possession with intent to distribute 500 grams or more of a substance containing methamphetamine and/or cocaine. He was arrested in the Central District of California on January 28, 2026. The same day, Lee had his initial appearance before a magistrate judge, who held a detention hearing and denied the government's motion for pretrial detention, releasing Lee on various conditions of release. The magistrate judge stayed her ruling until January 30, 2026.

In the interim, the government asks this Court to issue a temporary stay of Lee's release pending the outcome of the government's motion for review of the detention decision, filed today in this Court. See Motion for Temporary Detention Pending Review and Appeal of Release Order (ECF No. 7); Motion for Review and Appeal of Release Order (ECF No. 8). This Court has jurisdiction to review the initial release order under 18 U.S.C. § 3145(a), which provides that "[i]f a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." The court with "original jurisdiction" over the offense

is the "court in the district in which the prosecution is pending, not the court in which the magistrate judge sits." United States v. El Edwy, 272 F.3d 149, 154 (2d Cir. 2001). This Court has original jurisdiction over Lee's case and, accordingly, may review the release order.

The Court will not grant the government a stay pending appeal at this juncture, due to the lack of a full record on which to base such a decision. See Nken v. Holder, 556 U.S. 418 (2009) (outlining four factor test for a stay pending appeal). Indeed, "a stay is an exercise of judicial discretion, and whether to grant it depends upon the specific circumstances of the case." M.M.V. v. Barr, 459 F. Supp. 3d 1, 4 (D.D.C. 2020). To be sure, at this preliminary posture, the government raises serious arguments in support of detention—for example, Lee is accused of a felony that carries a presumption of detention. See 18 U.S.C. § 3142(e)(3)(A). But without briefing by both parties, the Court will not grant the government the requested relief.

Instead, the Court will enter an administrative stay. An administrative stay allows a court to "freeze legal proceedings until the court can rule on a party's request for expedited relief." United States v. Texas, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring). Such a stay merely "buys the court time to deliberate" and "permit[s] time for briefing." Id. It is not a reflection of the Court's view of the merits. See Middle E. Broad. Networks. v. United States, No. 25-5150, 2025 WL 1378735, at *1 (D.C. Cir. May 7, 2025). Administrative stays must be tailored to their purpose, and so must necessarily be short. It thus would be improper to grant such a stay for the duration of the pending appeal of the magistrate judge's order.

The current stay expires on January 30, 2026. This will not provide sufficient time for the Court to consider the government's appeal and any opposition by the Defendant, now due by February 2, 2026. Accordingly, this Court will stay Lee's release until February 4, 2026.

* * *

Upon consideration of [7] the motion for temporary detention pending review and appeal, and the entire record herein, the government's motion is hereby **GRANTED** in part, and the prior release order is hereby **STAYED** until February 4, 2026.  It is further **ORDERD** that Defendant be held without bond until that time or further order of this Court.  It is further **ORDERED** that the Defendant file any opposition to [8] the government's appeal by not later than February 2, 2026, at 5 PM, Eastern Time.  **SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: January 29, 2026