UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHANG HOON LEE,<br>also known as "Daniel Lee,"<br><br>    Defendant. | Crim. A. No. 26-14 (JDB) |

**MEMORANDUM OPINION & ORDER**

    Chang Hoon Lee is accused of conspiracy to distribute and possession with intent to distribute 500 grams or more of a substance containing methamphetamine and cocaine. See 21 U.S.C. §§ 846, 841(b)(1)(A) & (b)(1)(C). He was arrested in the Central District of California on January 28, 2026, where he had his initial appearance before a magistrate judge. The magistrate judge denied the government's motion for pretrial detention. This Court granted an administrative stay of Lee's release so that the parties could brief the government's appeal, which is now ripe for consideration.

**LEGAL STANDARD**

    When a defendant is released by a magistrate judge, the government "may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a). That motion must be resolved "promptly." Id. The D.C. Circuit has "not squarely decided" the appropriate standard for the review of such a decision. United States v. Munchel, 991 F.3d 1273, 1280 (D.C. Cir. 2021). But every circuit to have done so has held that review should be de novo. See United States v.

Chrestman, 525 F. Supp. 3d 14, 23 & n.5 (D.D.C. 2021) (collecting cases).  This Court adopts that view.

Under the Bail Reform Act, defendants must be detained before trial when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'"  United States v. Vasquez-Benitez, 919 F.3d 546, 550 (D.C. Cir. 2019).  The government must prove dangerousness by clear and convincing evidence and/or flight risk by a preponderance of the evidence.  United States v. Simpkins, 826 F.2d 94, 96 (D.C. Cir. 1987).  In making its determination, the court must consider (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, (3) the nature and seriousness of the danger posed by the defendant's release, and (4) the weight of the evidence of the defendant's guilt.  See 18 U.S.C. § 3142(g).

## ANALYSIS

A defendant charged with a Controlled Substances Act offense with a statutory maximum sentence of 10 years imprisonment or more faces a rebuttable presumption that there are no conditions that will assure their appearance in court and the safety of the community.  18 U.S.C. § 3142(e)(3)(A).  Lee is charged with a Controlled Substance Act offense that carries a mandatory minimum sentence of ten years and maximum term of life imprisonment.  Accordingly, he faces charges that trigger the presumption of detention.

The rebuttable presumption of detention imposes a burden of production on the defendant to "offer some credible evidence contrary to the statutory presumption."  United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).  The "presumption is incorporated into the other factors

considered by this Court in determining whether to grant a conditional release and is given substantial weight." United States v. Ali, 793 F. Supp. 2d 386, 391 (D.D.C. 2011); United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986).  However, it is "not the responsibility of the [defendant] to carry the Government's burden of proof or persuasion." Alatishe, 768 F.2d at 371. And the presumption of detention must be evaluated alongside the Bail Reform Act's general admonition that defendants be "subject to the least restrictive" set of conditions sufficient to assure safety and appearance.  18 U.S.C. § 3142(c)(1)(B).

With the presumption in mind, the Court proceeds to analyze the Bail Reform Act factors.

### A.    Nature and circumstances of the offense

Lee is accused of an undeniably serious offense—conspiracy to distribute large quantities of methamphetamine and cocaine.  The presumption of detention for such offenses reflects Congress's determination that the charged conduct is serious, see Ali, 793 F. Supp. 2d at 391 (explaining that the presumption is "incorporated into the [Bail Reform Act] factors"), as do the ten year mandatory minimum and the maximum sentence of life imprisonment.  Regarding the circumstances of this case, Lee is accused of conspiring to traffic wholesale volumes of methamphetamine and cocaine—70 kilograms and 55 grams respectively—over a four month period.  The scale of the alleged trafficking operation adds to the seriousness of the charges.

Lee highlights that the government's complaint and memorandum in support of detention do not include any allegations that Lee is a violent person or has previously used a firearm. Def.'s Opp'n [ECF No. 14] 12.  That misses the point.  Trafficking wholesale volumes of controlled substances is a dangerous offense, regardless of whether it involves additional allegations of violence.

3

For its part, government argues that the ten year mandatory minimum sentence and possibility of a life in prison give Lee an incentive to flee (to South Korea, where he has family). See United States v. Anderson, 384 F. Supp. 2d 32, 36 (D.D.C. 2005) (denying bail in part because of defendant's "connections overseas"). And again, the presumption of detention reflects Congress's judgment that "flight to avoid prosecution is particularly high among persons charged with major drug offenses." Alatishe, 768 F.2d at 370 n.13 (quoting S. Rep. No. 98-225, at 20 (1983)); see also United States v. Martir, 782 F.2d 1141, 1144 (2d Cir. 1985) (citing the same Senate Report language).

Lee responds that the cases cited by the government all involve extraordinary circumstances inapplicable in this case, such as a defendant with access to substantial overseas assets, Anderson, 384 F. Supp. 2d. at 36, or connections to a non-extradition jurisdiction, United States v. Hong Vo, 978 F. Supp. 2d 41, 45 (D.D.C. 2013). He represents that those circumstances are inapplicable here because the Government has not demonstrated that he has access to overseas assets and because South Korea has an extradition treaty with the United States. Def.'s Opp'n 10. But Lee's arguments distinguishing this case from others are more appropriately considered in the next factor, the history and characteristics of the defendant, because they relate to whether Lee's personal circumstances suggest he is a flight risk, not the charged conduct.

On balance, the nature and circumstances of the offense favor detention. Trafficking large quantities of controlled substances poses a danger to the community and the seriousness of the potential sentences creates a flight risk.

B.   **History and characteristics of the defendant**

When considering Lee's history and characteristics, the Court must evaluate "(A) his character, physical and mental condition, family ties, employment, financial resources, length of

residence in the community, community ties,[1] past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law." 18 U.S.C. § 3142(g)(3).

Lee has family ties with his aunt and uncle, and lives with his girlfriend. Def.'s Opp'n 5-7. He has a limited criminal history consisting of two convictions for driving under the influence. Id. Lee is a United States citizen and has lived in the Los Angeles area since he was ten years old, and he maintains a number of "close friends." Id. He was not on probation or release pending trial for another offense at the time of his arrest. And, as Lee argued above, he does not appear to possess special characteristics such as overseas money or ties to a nonextradition country that are associated with flight risk.

For its part, the Government argues that several history and characteristic subfactors weigh in favor of detention. For one, it contends that Lee has substantial ties with South Korea (an extradition country). His parents live there, and he visits every year. Gov't's Mot. [ECF No. 7] 10. He also has a passport. Id. Lee does not own property in the United States, aside from a vehicle that was seized in connection with these charges. Id. at 5. The Court also observes that his driving under the influence convictions suggest he has some history of alcohol abuse.

The parties dispute whether Lee is employed. Lee told Probation that he was a part-time sushi chef at a restaurant and worked full-time at a hydroponics store. But the Government's monitoring of Lee's cell site location data did not ping either of those locations over a four month period and his financial records do not reflect pay checks from either job. Gov't's Mot. 10. Lee

---

[1] The relevant community for purposes of analyzing this factor is Los Angelos because that is where Lee would be released and hence is relevant for evaluating Lee's danger to the community and flight risk.

argues that his work was "sporadic," Def.'s Opp'n 14, and that he "helps cover shifts" at a longtime friend's restaurant, id. at 6, but he does not defend his initial representation that he has a part-time job as chef, much less a full-time job at a retail store. Overall, the Government's account is more persuasive. Indeed, Lee's initial representation to Probation appears to be an exaggeration, or worse.

The Government also suggests that Lee misled Probation about what a search of his residence would uncover. Gov't's Mot. 3. He told Probation that "he only had $3,000 to $4000 in cash at his apartment, and that he had a 9mm handgun, which was registered to him." Id. But upon a search of his residence, law enforcement discovered approximately $15,000 in cash, a second unregistered handgun, and two high capacity magazines illegal under California law. Id. Lee's desire to conceal large amounts of cash is concerning because such money could be used to flee the country. And his willingness to lie to Probation suggests that he may have other undisclosed assets that might be a danger to his community, such as drugs, or that would assist in flight, such as cash.

This factor thus slightly favors detention. Lee has ties to his local community, but his willingness to lie to Probation, concealment of large amounts of cash on hand, a passport, regular travel to a foreign country, and lack of employment or property raise the specter of flight. And his lack of employment and desire to conceal an unregistered handgun suggest a likelihood of pretrial recidivism. See Alatishe, 768 F.2d at 370 n.13 (noting Congress's determination that drug trafficking defendants pose a "significant risk of pretrial recidivism") (quoting S. Rep. No. 98-225, at 20).

      C.      **Seriousness of the danger posed by release**

The seriousness of the danger posed by release is substantial and militates in favor of detention as well. Courts must consider a broad construction of potential dangers posed by release, including the risk that a defendant will "continue to engage in drug trafficking." United States v. Taylor, 289 F. Supp. 3d 55, 71 (D.D.C. 2018) (quoting 3B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 766 (4th ed. 2013) (quoting S. Rep. No. 98-225, at 12-13)). Lee is accused of trafficking wholesale quantities of methamphetamine and cocaine. He also does not appear to have an alternative source of income. These facts, and his concealment from Probation of large amounts of cash and an unregistered weapon, suggest a real risk of pretrial recidivism to finance his lifestyle. And such recidivism could likely be deadly because methamphetamine is a particularly lethal drug. See Gov't's Mot. at 11. This risk cannot be adequately mitigated, as Lee suggests, through location monitoring.

### D. Weight of the Evidence

This final factor must be considered but "is the least important." United States v. Padilla, 538 F. Supp. 3d 32, 43 (D.D.C. 2021). The Government argues that the "evidence against [Lee] is overwhelming." Gov't's Mot. 12. Lee strongly disputes that characterization, arguing that most of the evidence in the Government's memorandum concerns his co-defendant, Lin.

The truth lies somewhere in between but tilts slightly toward detention. The Government attests to evidence of two meetups where Lee handed Lin packages that were consistent in appearance to packages recovered by the Government and identified to contain methamphetamine and cocaine. Gov't's Mot. 5. It also has "toll records and cell site location information for the Defendant, and physical evidence stemming from the seizures of approximately 50 kilograms of methamphetamine and 55 grams of cocaine." Id. Additionally, the Government seized drug paraphernalia from Lee's apartment, including a scale and baggies, alongside the aforementioned

cash and firearms. Although Lee correctly points out that the Government does not have evidence of Lee personally conducting every step of the drug distribution process, that is not required. Lee is charged with conspiracy. As such, the question for a jury will be whether he conspired with Lin to distribute the drugs in question. And the evidence to that point is substantial.

On balance, this factor favors detention as well.

## CONCLUSION

All the Bail Reform Act factors favor pretrial detention. On that basis, and considering the statutory presumption of detention, the Court concludes by clear and convincing evidence that Lee poses a danger to his community that cannot be mitigated and by preponderance of the evidence that he is a flight risk. The Court further concludes that no set of pre-trial release conditions can reasonably secure the safety of the community and ensure Lee's appearance before this Court.

\* \* \*

Upon consideration of [8] the motion for review and appeal of release order, and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED**, and the prior release order is hereby **VACATED**. It is further **ORDERD** that Defendant **CHANG HOON LEE** be held without bond until further order of this Court. **SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: February 4, 2026